IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARVIN KESSNA,

             Plaintiff,

    -against-

SANTANDER CONSUMER USA INC.,
JOHN DOE, and NEW YORK
COLLATERAL RECOVERY CORP.,

             Defendants.

Civil Case Number:
7:26-cv-01411-PMH

MOTION FOR EXTENSION OF TIME TO
FILE DEFAULT JUDGMENT

The Plaintiff, by and through his undersigned counsel, hereby respectfully moves for an extension of time to file a Motion for Default Judgment against Defendant NEW YORK COLLATERAL RECOVERY CORP. (NYCRR) and, in

> Application granted. The deadline to move for default judgment is adjourned sine die.
>
> SO ORDERED.
>
> _(signature)_
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>        June 5, 2026

1. This is a case arising under the Fair Debt Collection alleging that Santander, and NYCRR - the r repossession vendor hired - unlawfully breached vehicle.

2. On February 19, 2026, the Plaintiff commenced Defendants, each of whom were then timely served (except for John Doe, the middleman entity hired by Defendant Santander to repossess the Plaintiff's vehicle, who then hired NYCRR. Plaintiff is waiting for Santander to identify this entity, so that an Amended Complaint can be filed naming that entity).

3. On April 2, 2026, the Clerk entered Certificates of Default against Defendants Santander and New York Collateral Recovery Corp. *See,* Docket 13 and 14.

4. The Court then ordered the Plaintiff to move for a default judgment against these defaulting entities by May 19, 2026. *See,* Docket 15.

5. Defendant Santander then appeared in this action, and the Court vacated the Clerk's Certificate of Default entered against that Defendant, and then scheduled an Initial Conference for June 16, 2026.

6. However, while Santander has now appeared, Defendant NYCRR has not, and the Court's order regarding default judgment is still in force as to that Defendant.

7. It is respectfully submitted that the requirement to move for default judgment at this time be held in abeyance, considering that the Plaintiff is concurrently pursuing the same claims against the appearing co-defendant, Santander.  Indeed, if we ultimately resolve these claims with that Defendant, that would likely obviate the need for any motion practice or damages hearings with regard to the defaulting Defendant.  This is particularly true here, where Santander is going to liable for the damages caused by the defaulting Defendant, since the secured party's duty to avoid breaches of the peace during a repossession is non-delegable.  *See e.g., Goodrich v. WFS Fin., Inc.,* 2007 U.S. Dist. LEXIS 11620, at *5 (N.D.N.Y. Feb. 20, 2007)("New York Courts have held that the U.C.C. imposes a non-delegable duty on the secured party to keep the peace in the course of a repossession"); *GMAC v. Vucich*, 15 A.D.3d 106, 109, 787 N.Y.S.2d 745, 747 (App. Div. 3rd Dept. 2005)("we find UCC former 9-503 to impose a nondelegable duty on GMAC as a secured creditor to keep the peace in the course of a repossession"); *Mauro v. Gen. Motors Acceptance Corp.*, 164 Misc. 2d 871, 875, 626 N.Y.S.2d 374, 377 (Sup. Ct. 1995)("The duty to repossess property in a peaceable manner is specifically imposed on a 'secured party' by the uniform commercial code and is intended to protect debtors and other persons affected by repossession activities….Accordingly, a secured party may not delegate to third persons the secured party's duty to repossess in a peaceable manner").

8. Given these facts, it makes sense to hold off on the Motion for Default Judgement at this time.  As this District has repeatedly recognized, it is typically appropriate to hold off on applying for default judgment against one Defendant when the same claims are pending against another Defendant who is defending the action.  *See e.g., Aspen Ins. UK Ltd. v. A*

*& R Able Corp.*, 2013 U.S. Dist. LEXIS 370, *9-10 (S.D.N.Y. January 2, 2013)("when a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting default judgment until the trial of the action on the merits against the remaining defendants. If plaintiff loses on the merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants"), quoting *Exquisite Form Industries, Inc. v. Exquisite Fabrics of London*, 378 F.Supp. 403, 416 (S.D.N.Y.1974)(same)

9. The Supreme Court long ago in *Frow v. De La Vega*, 82 U.S. 552, 21 L. Ed. 60 (1872) recognized the importance of consistent judgments and the potential for absurd results if default judgments are entered against one defendant while a codefendant continues to litigate the same issue on its merits. The circumstances of the instant case present the very concern addressed in *Frow*. The entry of a default judgment against South Bay Remarketing and Skyline – whether or not they had a present right to repossess Plaintiff's vehicle - would have the potential effect of inconsistent judgments being reached against SkyOne regarding the exact same issue. *See e.g., United States v. Andrews,* No. 3:20-CV-1300 (JCH), 2022 U.S. Dist. LEXIS 257667, at *5 (D. Conn. May 31, 2022)(denying default judgment where some of the defendants had appeared, because "granting partial judgment as to the absent defendants could lead to inconsistent judgments where each party's liability and defenses hinge on the same set of underlying facts regarding the use of the subject property").

10. In light of the fact that the Plaintiff continues to pursue the same wrongful repossession claims against the appearing co-defendant, it is respectfully requested that the deadline to file a Motion for Default Judgment against the defaulting defendant should be held in abeyance until the claims against the co-defendant are resolved.

Respectfully Submitted,

Dated: June 4, 2026

By: /s/ Yitzchak Zelman
Yitzchak Zelman, Esq. (YZ5857)
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: 732-695-3282
Fax: 732-298-6256
yzelman@marcuszelman.com
*Counsel for Plaintiff*